LAWRENCE GIBBS
SBN 98866
P.O. Box 7639
Berkeley, California 94707
Tel: (510) 525-6847
Email: gibbslaw@covad.net

Attorney for Petitioner
Jonathan Johnson

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN JOHNSON,<br><br>    Petitioner,<br><br>v.<br><br>JAMES A. YATES, Warden of<br>Pleasant Valley State Prison,<br><br>    Respondent. | No. C07-3522 RMW<br><br>APPLICATION TO HOLD<br>FEDERAL HABEAS PETITION<br>IN ABEYANCE PENDING<br>EXHAUSTION OF POTENTIALLY<br>DISPOSITIVE HABEAS<br>PROCEEDING IN STATE COURT |

Petitioner Jonathan Johnson hereby applies for an order holding his federal habeas petition in abeyance pending completion of a habeas corpus proceeding presently pending in state court. This application is filed under authority of *Rhines v. Weber,* 544 U.S. 269 (2005), and *Pace v. DiGugliemo*, 544 U.S. 408 (2005).

**INTRODUCTION**

Petitioner is a California state prisoner serving two life sentences for having ostensibly voluntary sexual relations with girls just under the age of 14. On July 6, 2007, petitioner filed a Petition for Writ of Habeas Corpus ("Petition") with this Court raising two claims for relief. One of those claims has been fully exhausted in state appellate proceedings. The remaining claim, alleging ineffective assistance of counsel in violation of the Sixth Amendment, is currently being litigated in state habeas

proceedings. In the interests of judicial economy, to avoid piecemeal litigation and for the reasons expressed below, petitioner respectfully requests this Court to hold his currently pending federal habeas petition in abeyance while the State completes its adjudication of his Sixth Amendment in the state collateral proceedings.

## PROCEDURAL HISTORY

### I. The State And Federal Proceedings To Date.

#### A. State Trial and Direct Appeal

While between the ages of 17 and 20, petitioner had sexual relations with a number of girls, some of whom were under 14 years of age. Others were between 14 and 18. None of the charges on which petitioner was convicted alleged the use of force, violence, duress or menace. Though girls under the age of 14 do not have the legal capacity in California to consent to sexual relations, all the incidents alleged were consensual as that term is commonly understood.

The jury convicted petitioner of 24 counts of violating Cal. Penal Code § 288(a), and found true each allegation under § 667.61. The jury also convicted on nine counts of unlawful sexual intercourse, one count of sexual penetration, four counts of oral copulation on a minor, and various of the other sex counts. On February 6, 2004, the trial court sentenced petitioner to two consecutive terms of 15 years to life, for a total term of 30 years to life. The court imposed concurrent sentences on the balance of the offenses. The judgment was affirmed on appeal. The California Supreme Court denied review on April 12, 2006.

#### B. State Collateral Proceedings

On January 19, 2007, petitioner filed a Petition for Writ of Habeas Corpus in the Sonoma County Superior Court. The petition alleged that petitioner was deprived of

*Johnson v. Yates*, No.
Application To Hold Federal Petition in Abeyance    2

effective assistance of counsel, in violation of the Sixth Amendment, which caused him to reject a plea offer for a determinate term of between 10 and 24 years in prison. Petitioner rejected the offer based on the advice of his counsel, who assured petitioner that, if he went to trial and lost, he would be sentenced to one life term and be paroled in 12 to 13 years. Since the exposure in going to trial was the same or less than the prosecution's offer, petitioner rejected it. After being sentenced to two consecutive life terms, and 24 concurrent life terms, petitioner learned that he would not be eligible for parole for at least 28 years. Moreover, even if he is found suitable for parole, under regulations governing the parole board, that board must extend petitioner's incarceration for 7 years for each life sentence, whether imposed consecutively or concurrently. By calculation of petitioner's expert on parole decisions, petitioner (who suffered two consecutive life terms and 24 concurrent life terms) will likely never be released from prison. The advice Petitioner received from his counsel, that he would be paroled in 12 to 13 years was grotesquely erroneous. Petitioner alleges that, had he known the true consequences of going to trial and losing, he would have accepted the prosecution's pretrial plea offer.

On March 20, 2007, the superior court issued an order to show cause on petitioner's Sixth Amendment claim. On May 9, 2007, the People filed an answer. On June 29, 2007, petitioner filed his traverse. The pleadings in state court are now complete, and the case awaits a decision on the merits or the grant of an evidentiary hearing.

If petitioner prevails on his claim in state court, that decision will render moot further proceedings on his current federal petition. There is good reason to believe petitioner will prevail in state court. Issuance of an order to show cause in the California courts indicates the court's judgment that, if petitioner can prove the allegations in his petition, and no procedural defenses bar relief, then his petition will be granted. *People v.*

*Johnson v. Yates*, No.
Application To Hold Federal Petition in Abeyance      3

1  *Duvall*, 9 Cal. 4th 464, 474 (1995).

### C.  Federal Habeas Proceedings

To comply with the deadline in AEDPA for seeking federal habeas relief, on July 6, 2007, petitioner filed a Petition for Writ of Habeas Corpus in this Court, even though his habeas petition raising the same claim is currently pending in state court. The reason for filing in this court while state proceedings are pending is that, because the People are contesting the timeliness of the state petition, petitioner cannot rely on AEDPA's provision which grants tolling of the limitations during the pendency of a timely filed state petition. Under Supreme Court decisions, if the state petition is found to be untimely by the state court, the state petition would not be deemed "pending" and the AEDPA statute would not be tolled.

Under such circumstances, the Supreme Court has instructed that the proper procedure is for a petitioner to file a "protective" federal petition, and seek a stay and abeyance from the federal court while he completes litigation of the claim in state court. *Pace v. DiGugliemo*, 544 U.S. 408, 416 (2005) ("A prisoner seeking state post-conviction relief might avoid this predicament, however, by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings unitl state remedies are exhausted." *Id.* at 416. Petitioner is doing just that.

For the reasons discussed below, petitioner requests that the Court hold his federal petition in abeyance while he exhausts these four claims in state court

*Johnson v. Yates*, No.
Application To Hold Federal Petition in Abeyance    4

# ARGUMENT

## A Stay Is Proper Under *Rhines V. Weber*, 544 U.S. 269 (2005), and *Pace v. DiGugliemo*, 544 U.S. 408 (2005).

### A.     The Statutory Background.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), imposes a statute of limitations for federal habeas actions. 28 U.S.C. § 2244(d)(1)(A) provides for a one-year statute of limitations period beginning on "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking review . . . ." Under this provision, the one-year time period begins to run from the date certiorari is denied or, if certiorari is not sought, the last date certiorari could have been sought. *Bowen v. Roe*, 188 F.3d 1157 (9th Cir. 1999).

The state supreme court denied review in this case on April 12, 2006. Pursuant to *Bowen*, the one-year statute of limitations began to run 90 days later -- when the time for seeking certiorari expired -- on July 11, 2006. This means that petitioner had until July 11, 2007 within which to file a federal habeas petition. *Spitsyn v. Wood*, 345 F.3d 796, 798 (9th Cir. 2004). The currently filed federal petition complies with that deadline. But because that petition is a mixed petition -- that is, it contains both exhausted and unexhausted claims -- relief may not be granted until all claims have been exhausted in state court. *See* 28 U.S.C. § 2254(b)(1).

AEDPA also provides a tolling statute. 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations imposed by § 2244(d)(1)(A) does not run for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." This means that petitioner's currently pending state habeas petition -- filed with the state courts on January 19, 2007, has tolled the one-year statute of limitations with several months left in the statutory period.

*Johnson v. Yates*, No.
Application To Hold Federal Petition in Abeyance          5

The state petition was filed well within the state law time limits for filing state habeas petitions. See, e.g., *In re Bower*, 38 Cal.3d 865, 873, n.3 (1985) (state petition timely when filed within one year); *In re Saunders*, 2 Cal.3d 1033, 1039-1040 (1970) (state petition timely when filed 25 months after finality); *In re Spears*, 157 Cal.App.3d 1203, 1208 (1984) (state petition timely when filed 18 months after finality). If petitioner's state petition is considered to be "properly filed," and the state petition is considered to be "pending" within the meaning of 28 U.S.C. § 2244(d)(1)(A), then petitioner will have approximately five months from the denial of that state petition to file his federal habeas petition.[1]

If, on the other hand, the state court accepts the People's argument that the state petition was untimely, then that petition would not be considered "properly filed" under § 2244(d)(1)(A), and petitioner could not take advantage of AEDPA's statutory tolling provision. *Pace v. DiGugliemo*, 544 U.S. at 413-414. If the state court decision on the question comes after July 11, 2007, and finds that the petition was not timely filed, the AEDPA statute would not have been tolled, the one year statute would have run on July 11, 2007, and petitioner would be out of time to file a federal petition.

### B.   There Is Good Cause For A Stay And Abeyance.

In *Rhines v. Weber*, 544 U.S. 269, the Supreme Court held that the stay and abeyance procedure is appropriate where the petitioner shows (1) a legitimate chance at obtaining relief in federal court; and (2) good cause for the "failure to present her claims first to the state courts." *Id.* at 277. Petitioner's application meets both of these criteria.

---

[1] Alternatively, petitioner may file a state petition in a higher state court within 60 days to ensure continued state tolling under § 2244(d)(1)(A). *See Evans v. Chavis*, 546 U.S. 189, 126 S.Ct. 846, 854 (2006)

*Johnson v. Yates*, No.
Application To Hold Federal Petition in Abeyance        6

### 1. Petitioner's Claim Is Potentially Meritorious

As an initial matter, the federal claims presented in the state petition present a substantial federal question. This much is clear from the fact that the state court granted an order to show cause on the state petition. Further, as more fully explained in the memorandum petitioner has filed in support of his federal petition, his claim is supported by several circuit court of appeal decisions, including *Nunes v. Mueller*, 350 F.3d 1045 (9th Cir. 2003) (habeas relief granted for denial of effective assistance of counsel where counsel's deficient performance resulted in rejection of 11-year plea bargain, and defendant went to trial, was convicted and sentenced to 17 years to life); *Alvernaz v. Ratelle*, 831 F.Supp. 790 (S.D. Cal. 1993) (habeas relief granted for denial of effective assistance of counsel where counsel's deficient performance resulted in rejection of four to five year plea bargain, and defendant went to trial, was convicted and sentenced to a life term).[2]

---

[2] Accord, *Day v. United States,* 969 F.2d 39 (3d Cir. 1992) (deficient performance under *Strickland* found where trial counsel misinformed defendant that maximum sentence after trial would be 11 years, government offered 5 year plea bargain, which defendant rejected, and sentenced to 22 years); *Magana v. Hofbauer*, 263 F.3d 542, 550 (6th Cir. 2001) (deficient performance under *Strickland* where trial counsel misinformed defendant that maximum sentence after trial would be 10 years, the state offered 10 years, which defendant rejected, and sentenced to two mandatorily consecutive terms of 10 to 20 years in prison; state courts and district court agreed that counsel's "complete ignorance of the relevant law under which his client was charged, and his consequent misadvice to his client regarding the client's potential prison sentence, certainly fell below an objective standard of reasonableness under prevailaing professional norms."); *Turner v. Tennessee,* 858 F.2d 1201 (6th Cir. 1988) (deficient performance under *Strickland* where trial counsel advised against two year plea offer, which offer the defendant rejected, and was then sentenced to life plus 40 years in prison); *United States v. Gordon*, 156 F.3d 376 (2d Cir. 1998) (deficient performance under *Strickland* where trial counsel misinformed defendant that maximum sentence after trial would be 10 years, the state offered 7 years, which defendant rejected, and defendant's sentence range after losing at trial was 21 to 27 years in prison).

*Johnson v. Yates*, No.
Application To Hold Federal Petition in Abeyance        7

### 2. There Is Good Cause for a Stay

Petitioner also demonstrates good cause for failing to exhaust his Sixth Amendment claim in state court: petitioner filed that claim in January, 2007, and the state court has simply not completed adjudicating the claim. From the perspective of showing "good cause," petitioner therefore stands in a more favorable position than the petitioner in *Rhines*. Here, petitioner here *has* gone to state court before proceeding to federal court, and the state court has issued an order to show cause, thus beginning the process of adjudicating the claim on the merits. Thus, petitioner is not seeking a stay so he can present claims to the state courts years *after* his AEDPA deadline expired (as in *Rhines*). Rather, he is seeking a stay so he can give the state court the opportunity to complete litigation of the claim that petitioner has *already* presented to the state court in accord with state law. Here, petitioner filed in state court nearly six months *before* he filed in federal court. And he needs a stay because, in view of the fact that his federal one-year statute will expire after the state court rules, he may lose his opportunity for federal review.

The Court may justifiably wonder why petitioner cannot simply rely on statutory tolling, since his state petition is pending before the state court. The answer is that California does not have a specific timeliness standard which applies to state habeas petitions. Instead, the rule in California is that in order to bring a timely habeas petition in state court, a petitioner must file her petition without "unreasonable" or "substantial" delay. *In re Clark*, 5 Cal.4th at 798, n.35 (1993); *In re Stankewitz*, 40 Cal.3d 391, 396, n.6 (1986). It is true that petitions in non-capital cases have generally deemed proper when filed within one year of finality on appeal. *See*, *e.g.*, *In re Bower*, 38 Cal.3d at 873, n.3; *In re Saunders*, 2 Cal.3d at 1039-1040; *In re Spears*, 157 Cal.App.3d at 1208. But

because the state courts have never articulated a bright line test for what constitutes "substantial" or "unreasonable" delay, it is impossible to predict with 100% accuracy whether any California state habeas petition will be deemed timely. See *Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005). Accordingly, there is good cause for a stay of proceedings under the Supreme Court's decision in *Pace v. Diguglielmo*, which permits "protective filings" in federal court when it is unclear is a state court filing will toll the federal one-year statute.

etitioner has complied with state law. He has complied with federal law. A stay is proper under *Rhines* and *Pace*. The courts of this district have consistently granted a stay in this very situation.[3]

---

[3] *See, e.g.*, *Delongis v. Ollison*, 06-4236 PH, Order of August 14, 2006 (state petition filed 10 days before federal petition and 12 days before expiration of one-year statute of limitations; held, stay of proceedings proper); *Swanson v. Adams*, 06-02532 VRW, Order of April 27, 2006 (state petition filed one day before federal petition, and only two days before expiration of one-year statute of limitation; held, stay of proceedings proper); *Leyba v. Runnels*, 05-01744 JF, Order of May 23, 2005 (state petition filed on the same day as the federal petition, and one day before expiration of one-year statute of limitation; held, stay of proceedings proper); *Williams v. Alameida*, 04-0966 VRW, Order of September 22, 2004 (state petition filed the same day as federal petition, and only two days before expiration of one-year statute of limitation; held, stay of proceedings proper); *Galloway v. Alameida*, 03-4096 JSW, Order of September 25, 2003 (state petition filed on the same day as the federal petition, and two days before expiration of one-year statute of limitation; held, stay of proceedings proper); *Stephens v. Terhune*, 03-3712 JW, Order of September 2, 2003 (state petition filed two days before the federal petition, and seven days before expiration of one-year statute of limitation; held, stay of proceedings proper).

*Johnson v. Yates*, No.
Application To Hold Federal Petition in Abeyance    9

**CONCLUSION**

Pursuant to *Rhines* and *Pace*, petitioner's currently pending federal habeas petition should be held in abeyance. This will ensure that this Court will "dispose of the matter as law **and justice** requires." 28 U.S.C. § 2243; emphasis added.

DATED: July 11, 2007                   Respectfully submitted,

/s/
_____
Lawrence A. Gibbs
Attorney for Petitioner