**E-FILED on**   7/16/07

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JONATHAN JOHNSON,<br><br>    Petitioner,<br><br>    v.<br><br>JAMES A. YATES,<br><br>    Respondent. | No. C-07-03522 RMW<br><br>ORDER GRANTING MOTION TO STAY CASE<br><br>**[Re Docket No. 3]** |

    Petitioner, having filed a petition for a writ of habeas corpus in federal court on July 6, 2007, asks this court to hold the petition in abeyance pending the resolution of a co-pending habeas petition in state court. According to petitioner, the habeas petition pending before this court raises two issues: (1) that the imposition of consecutive life sentences violated petitioner's right to a jury trial, and (2) ineffective assistance of counsel. Petitioner's asserts that his first claim has been exhausted through his appeal, but acknowledges that his ineffective assistance of counsel claim has not yet been exhausted. Petitioner awaits the Sonoma County Superior Court's decision on his state habeas petition regarding his ineffective assistance of counsel claim, which petition was fully briefed as of June 29, 2007.

    District courts have the authority to stay a mixed habeas petition with exhausted and unexhausted claims and hold it in abeyance pending the exhaustion of the unexhausted claims.

ORDER GRANTING MOTION TO STAY CASE—No. C-07-03522 RMW
MAG

*Rhines v. Weber*, 544 U.S. 269, 278 (2005). That discretion is not unfettered, but, as the Supreme Court has stated, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* Additionally, the Supreme Court has recommended that "[a] prisoner seeking state postconviction relief might avoid [having a court find his petition time-barred] by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (citing *Rhines*, 544 U.S. at 276).

Here, petitioner is asserting ineffective assistance of counsel as a grounds for a state habeas petition after appealing his conviction. That habeas petition has been fully briefed and awaits decision on the merits by the state court. There is no reason for the court not to exercise its discretion to stay and abey the present federal habeas proceedings until petitioner's state remedies are exhausted. Petitioner is in the process of exhausting his ineffective assistance of counsel claim, which appears to be meritorious, and there is no indication that he has engaged in dilatory litigation tactics.

Accordingly, the court grants petitioner's request to hold the case in abeyance while he exhausts his claims in state court. Petitioner shall notify the court when his ineffective assistance of counsel claim has been exhausted in state court. The court will thereafter consider whether an order to show cause should issue regarding the petition before this court.

DATED:      7/16/07

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

ORDER GRANTING MOTION TO STAY CASE—No. C-07-03522 RMW
MAG                                                                                      2

**Notice of this document has been electronically sent to:**

**Counsel for Petitioner:**
Lawrence A. Gibbs          gibbslaw@covad.net

**Counsel for Respondent:**
No appearance

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**   7/16/07                              /s/ MAG
                                          **Chambers of Judge Whyte**